FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 0 9 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLEN S. MEREDITH,<br><br>Plaintiff,<br><br>v.<br><br>R. ARANAS, et al.,<br><br>Defendants. | Case No. 3:14-CV-0161-MMD (VPC)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is defendants' motion to dismiss (#29) based upon plaintiff's failure to comply with Local Special Rule ("LSR") 2-2 requiring plaintiff to change his address.

On January 6, 2015, defendant's filed the motion to dismiss (#29). Plaintiff was given notice by the court at his last known address of the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) on January 7, 2015 (#30). To date, plaintiff has failed to file points and authorities in opposition to the motion for summary judgment.

The court also set a hearing for January 20, 2015 on two pending motions and ordered plaintiff to personally appear (#s 31, 32, & 33). Plaintiff failed to appear for the hearing (#35). In addition, two minute orders sent by this court to plaintiff's last known address have been returned by the U.S. Postal service and marked with a stamp that indicates plaintiff is no longer at High Desert State Prison (#s 36 & 37).

To date, plaintiff has not filed a notice of change of address with the court. In fact, plaintiff has not filed a document with the court since December 18, 2014 when he changed his

address from Ely State Prison to High Desert State Prison (#26). LSR 2-2 provides that the failure to "immediately file with the Court written notification of any change of address . . . may result in dismissal of the action with prejudice."

Prior to dismissal for failure to follow local rules, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on the merits if the court and defendants cannot contact plaintiff, nor should the court or defendants be required to continue to try to resolve the case without the plaintiff's participation. All five factors clearly favor dismissal of this case.

Based on the foregoing and for good cause appearing, the court recommends that defendant's motion to dismiss (#29) be granted and this case dismissed with prejudice based upon plaintiff's failure to notify the court of his change of address pursuant to LSR 2-2.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that defendants' motion to dismiss (#29) be **GRANTED** and this action be **DISMISSED WITH PREJUDICE** for plaintiff's failure to comply with LSR 2-2.

DATED: February 6, 2015.

_____
UNITED STATES MAGISTRATE JUDGE